UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MACK NELSON,

    Plaintiff,

v.                                                    CASE NO. 6:08-cv-2083-Orl-31KRS

ORANGE COUNTY JAIL NOTARY
DEPARTMENT, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, confined in the Orange County Jail and proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 8). Federal courts are required to conduct an initial screening of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

        (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 1417 (10th Cir. 1996); *See* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

In addition, 28 U.S.C. § 1915(e) directs the court to dismiss actions which are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Patterson v. Wauwatosa Police Department*, 930 F.Supp. 1293, 1294 (E.D. Wis. 1996). Additionally, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated by the Orange County Jail Notary Department, the Orange County Jail Notary Department Staff, and Officer William Jackson, Jr. (Doc. No. 8 at 8.) Specifically, Plaintiff asserts that Officer Jackson, a notary, refused to notarize his Florida Bar complaint, which he was filing against his attorney in the Supreme Court of Florida. *Id.* at 8-9. Plaintiff maintains that he had to get three inmates to witness and sign his Florida Bar complaint because Officer Jackson refused to notarize it. *Id.* at 9. Plaintiff further alleges that Officer Jackson called him stupid. *Id.*

In any § 1983 action, the initial inquiry must focus on whether the two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of laws of the United States.

2

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Tillman v. Coley*, 886 F.2d 317, 319 (11th Cir. 1989); *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989); *Cornelius v. Town of Highland Lake, Alabama*, 880 F.2d 348, 352 (11th Cir. 1989).

Although Plaintiff alleges that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights, his allegations only implicate the First Amendment right to access to courts. It is well-recognized that inmates have a constitutional right of access to the courts, which mandates that they be provided with reasonable access to law libraries or persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right requires institutions to ensure that an inmate has "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 825.

To state a claim for denial of access to courts, plaintiffs "must not only show that prison authorities failed to provide such access or assistance, but that the failure 'hindered [the plaintiff's] efforts to pursue a legal claim.'" *Scruggs v. Squadrito*, 165 F.3d 33 (7th Cir. 1998) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). As such, courts have held that "[p]laintiffs must plead prejudice to state a claim when challenging minor interferences with access to the courts. . . ." *Martin v. Davies*, 917 F.2d 336, 341 (7th Cir. 1990) (affirming district court's dismissal of claim that prison official's refusal to notarize forms resulted in denial of access to courts); *see also Scruggs*, 165 F.3d 33 (concluding that the plaintiff could not prevail on claim of denial of access to court based on defendants refusal to provide notary services because plaintiff failed to point to an actual injury).

Here, Plaintiff alleges no facts which show that Officer Jackson's actions deprived him of meaningful access to the courts. Plaintiff states that three inmates were able to witness and sign his Florida Bar complaint. Plaintiff has not alleged that his ability to pursue his claim or his access to court, if there actually was a court proceeding involved with the filing of his Florida Bar complaint against his attorney, was hindered or prevented by Officer Jackson's conduct. Thus, Plaintiff has not alleged that an actual injury resulted from Defendants' alleged conduct. Accordingly, Plaintiff does not state a cognizable claim for relief. *See Pyles v. Carlson*, 698 F.2d 1131, 1132 (11th Cir. 1983) (holding that failure to supply the plaintiff with franked envelopes for legal mail, refusal to notarize a legal document, and sufficiency of the prison legal aid program claims were all properly dismissed for failure to state a cognizable ground for relief). Therefore, this case must be dismissed for failure to state a claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Orlando, Florida this 24th day of February, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 2/24
Mack Nelson